IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ALLEN FORD,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD VENES,<br><br>    Defendant. | No. C 13-04927 BLF (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ORDER**<br><br><br>(Docket No. 53) |

Plaintiff, a California prisoner proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. The matter is set to proceed to trial pending appointment of pro bono counsel. (*See* Docket No. 52.) Plaintiff has filed an "urgent court order to prison officials for retention of him only in California prison due to civil case pending." (Docket No. 53.) It appears that Plaintiff is due to be transferred to an out-of-state prison in Arizona. (*Id.*) Plaintiff requests that the Court order that he be held "only in a California state prison of his custody level" in order to properly litigate this case. (*Id.* at 1.) The Court ordered Defendant to show cause why the request should not be granted. (*See* Docket No. 54.)

Defendant has filed a response objecting to the issuance of such an order on the grounds that the Court lacks jurisdiction over the prison officials who have authority to

transfer Plaintiff, Plaintiff's transfer would not result in irreparable injury, and Plaintiff has no constitutional right to be housed in California. (Docket No. 55.) Defendant has also shown that he was not involved in the decision to transfer Plaintiff to an out-of-state facility and that the transfer is not punitive. (Walch Decl. ¶ 4.) Rather, Plaintiff's placement score was recently reduced from Level IV to Level III during his annual review before a classification committee. (*Id.* at ¶ 3, Ex. A.) Because Pelican Bay State Prison is not a designated Level III facility, the committee recommended transferring Plaintiff to a Level III California Out-of-State Correctional Facility ("COCF") or Wasco State Prison. (*Id.*)

Plaintiff's request for a court order must be denied. If the Court were to grant the request, the Court would be interfering with the ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have... additional reason to accord deference to the appropriate prison authorities.") The mere existence of a pending civil rights action does not give the Court unfettered authority to order non-party prison officials to do things for the convenience of a prisoner-plaintiff.

Plaintiff argues that the transfer would "naturally cause him significant and unnecessary inconvenience as regards litigation matters [*sic*] since he would be temporarily denied access to his legal property, et al." (Docket No. 53 at 1.) However, since the matter is currently stayed, Plaintiff has no immediate need for his paperwork in this case. As for Plaintiff's concern over "time constraints or the distance and added transportation expenses," (*id.* at 2), the Court will take due consideration of Plaintiff's location in setting the trial date, and the transportation expenses would be incurred by

1  the California Department of Corrections and Rehabilitation, not Plaintiff.  Lastly, a
2  transfer to an out-of-state prison would not deny Plaintiff meaningful access to courts as
3  determined by the Supreme Court.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Plaintiff
4  otherwise has no constitutional right to incarceration in a particular institution.  *See*
5  *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215,
6  224 (1976).
7        Accordingly, Plaintiff's request for a court order is DENIED.  (Docket No. 53.)
8  **IT IS SO ORDERED.**

10  DATED: Sept 11, 2015

BETH LABSON FREEMAN
United States District Judge